[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 19, 2010
JOHN LEY
CLERK

No. 10-12112
Non-Argument Calendar
_____

D. C. Docket No. 1:10-cr-20025-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN BARRYMORE GORE,
 a.k.a. Mikki Gore,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 19, 2010)

Before BLACK, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Stephen Barrymore Gore appeals his 57-month sentence imposed after pleading guilty to illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a). Pursuant to the sentencing guidelines, Gore's offense level was 24 and criminal history category was III, resulting in a guideline range of 63 to 78 months. See §§ 2L1.2 & 4A1.1 (2009). Upon Gore's request, the district court decreased his offense level by three points, based on his acceptance of responsibility. This reduced his guideline range to between 46 and 57 months. On appeal, Gore argues this his within-guideline sentence is substantively unreasonable. After thorough review, we affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We must first "ensure that the district court committed no significant procedural error . . . [and] then consider the substantive reasonableness of the sentence imposed." United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). Gore does not argue that the district court committed procedural error. Rather, he argues that the court erred in sentencing him at the high end of the guideline range because his most recent conviction occurred twenty years ago.

When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances and determine whether the sentence achieves the

sentencing goals stated in 18 U.S.C. § 3553(a).  United States v. Culver, 598 F.3d 740, 753 (11th Cir. 2010); Pugh, 515 F.3d at 1191.  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)."  United States v. Campbell, 491 F.3d 1306, 1313 (11th Cir. 2007) (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)).  We ordinarily expect a sentence within the guideline range to be reasonable.  Talley, 431 F.3d at 788.  Further, it is within the district court's discretion to weigh the § 3553(a) factors, and "[w]e will not substitute our judgment in weighing the relevant factors."  United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quoting United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006)).

Gore has not established that his sentence is substantively unreasonable. The district court sentenced Gore within the guideline range that Gore conceded was correct at his sentencing hearing.  Gore's sentence is well below the statutory maximum sentence, twenty years, for illegal re-entry.  See 8 U.S.C. § 1326(b)(2). It was within the district court's discretion to weigh the § 3553(a) factors, in light of Gore's criminal history, and select a sentence at the high end of the guideline range.

For these reasons, we AFFIRM.